UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY SALBERG, individually and on behalf of all others similarly situated,<br><br>                       Plaintiff,<br><br>v.<br><br>MASSAGE GREEN INTERNATIONAL FRANCHISE CORPORATION, a corporation,<br><br>                       Defendant. | Case No.: 3:15-cv-02805-GPC-WVG<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO COMPEL INDIVIDUAL ARBITRATION, STRIKE PLAINTIFF'S CLASS CLAIMS, AND DISMISS PLAINTIFF'S COMPLAINT**<br><br>[ECF No. 8.] |

## INTRODUCTION

Plaintiff Ashley Salberg ("Plaintiff") filed a putative class action ("Complaint") against Defendant Massage Green International Franchise Corporation ("Defendant") arising from Defendant's alleged failure to pay wages and overtime. (ECF No. 1.) Before the Court is Defendant's unopposed motion to (1) compel individual arbitration; (2) strike or alternatively dismiss Plaintiff's class claims; and (3) stay litigation or alternatively dismiss the Complaint. (ECF No. 8.) Plaintiff has filed a statement of non-opposition. (ECF No. 10.) The Court finds the matter suitable for resolution without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the reasons set forth below, the Court

**GRANTS** Defendant's unopposed motion to compel individual arbitration, strike Plaintiff's class claims, and dismiss the Complaint without prejudice.

## BACKGROUND

On December 14, 2015, Plaintiff, a former employee of Massage Green, filed a Complaint against Defendant. (ECF No. 1.) The Complaint alleges six causes of action against Defendant, which are all premised on Defendant's alleged failure to pay wages and overtime pursuant to state and federal wage and hour laws. (*Id*.)

On May 5, 2016, Defendant filed an unopposed motion to (1) compel individual arbitration pursuant to 9 U.S.C. § 2; (2) strike any references to class allegations pursuant to Federal Rule of Civil Procedure ("Rule") 12(f) or alternatively, dismiss all class claims pursuant to Rule 12(b)(6); and (3) stay litigation until the completion of individual arbitration pursuant to 9 U.S.C. § 3 or alternatively, dismiss the Complaint without prejudice. (ECF No. 8.)

Defendant asserts that Plaintiff is a party to an arbitration agreement ("Agreement") which covers all the claims alleged in Plaintiff's Complaint and requires that they be resolved exclusively through individual arbitration. (ECF No. 8-1 at 7.)

The Agreement signed by Plaintiff on May 1, 2015, provides in pertinent part:

> I and the Company agree to utilize binding individual arbitration as the sole and exclusive means to resolve all disputes that may arise out of or be related in any way to my employment, including but not limited to the termination of my employment and my compensation . . .

> All claims brought under this binding arbitration Agreement shall be brought in the individual capacity of myself or the Company. This binding arbitration Agreement shall not be construed to . . . permit such claims or controversies to proceed as a class action or collective action. No arbitrator shall have the authority under this agreement to order any such class or collective action. By signing this agreement, I am agreeing to waive any substantive or procedural rights that I may have to bring an action on a class or collective basis.

(ECF No. 8-3, Harb Decl., Ex. A, Agreement ¶¶ 2, 3.)

The Agreement also provides that it be governed by the Federal Arbitration Act

("FAA") because the "[c]ompany's business involves interstate commerce," and that it be in conformity with the procedures of the California Arbitration Act ("CAA"). (*Id.* ¶ 2.)

## LEGAL STANDARD

### I.   Motion to Compel Individual Arbitration

Pursuant to the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Once the court has determined that an arbitration agreement involves a transaction involving interstate commerce, thereby falling under the FAA, the court must consider: (1) whether a valid arbitration agreement exists; and (2) whether the scope of that agreement to arbitrate encompasses the claims at issue. *See* 9 U.S.C. § 4; *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). If a party seeking to compel arbitration establishes these two factors, the court must compel arbitration. *United Computer Sys., Inc., v. AT & T Corp.*, 298 F.3d 756, 766 (9th Cir. 2002).

### II.   Motion to Strike

Rule 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . " *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009). However, before a motion to strike is granted, the court must be convinced that any questions of law are clear and not in dispute, and that the claims could not succeed under any circumstances. *Id.*

/ / /

/ / /

### III.     Motion to Dismiss

Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In reviewing a Rule 12(b)(6) motion, the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

### IV.     Motion to Stay

Section 3 of the FAA provides that, where a dispute is subject to arbitration under the terms of a written agreement, the district court shall "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

However, the Ninth Circuit has held that § 3 does not impose a mandatory duty to stay on district courts. *Martin Marietta Aluminum, Inc. v. Gen. Elec. Co.*, 586 F.2d 143, 148 (9th Cir. 1978). Thus, even where a party seeks to stay under § 3, the court has discretion to dismiss under Rule 12(b)(6) if it finds that all of the claims before it are arbitrable. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004) (holding that the district court properly exercised its discretion in dismissing an action

1   where all claims were subject to arbitration); s*ee also Chappel v. Lab. Corp. of Am*., 232

2   F.3d 719, 725 (9th Cir. 2000) (holding that the district court properly dismissed the

3   complaint under Rule 12(b)(6) where judicial review was barred by the arbitration

4   clause).

## DISCUSSION

### I.    Motion to Compel Individual Arbitration and Strike Plaintiff's Class Claims

Defendant argues, and Plaintiff does not dispute, that the Agreement is valid under the FAA, that Plaintiff's individual claims fall within the scope of the Agreement, and that Plaintiff expressly waived the right to bring class claims. (ECF No. 8-1.)

The Court finds that Defendant has sufficiently demonstrated that the Agreement is valid and enforceable under the FAA and that the Agreement encompasses all of Plaintiff's claims of unpaid wages and overtime, which are directly related to Plaintiff's employment. (*See* ECF No. 8-3, Harb Decl., Ex. A.) In addition, the Court finds that the clear language of the Agreement expressly forbids class certification in arbitration and requires that any issues relating to Plaintiff's employment be decided by individual arbitration. (*See id.*) Accordingly, the Court **GRANTS** Defendant's unopposed motion to compel individual arbitration and strike Plaintiff's class claims.

### II.   Motion to Dismiss Plaintiff's Complaint

Defendant also summarily requests that the Court stay the proceeding pending the conclusion of the arbitration or in the alternative, dismiss Plaintiff's Complaint without prejudice. (ECF No. 8 at 2.) However, Defendant does not provide support as to which option is more appropriate.

As discussed previously, Plaintiff expressly waived the rights to bring class claims, which leaves only Plaintiff's individual claims remaining in this action. Since Plaintiff's remaining individual claims are subject to arbitration, the Court sees no utility in staying the litigation, and Defendant has not given the Court any reasons for doing so. Therefore, the Court exercises its discretion to conclude that dismissal is appropriate and **GRANTS** Defendant's alternative request to dismiss Plaintiff's Complaint under 12(b)(6) without

1   prejudice.

2                                    **CONCLUSION**

3          For the reasons explained above, the Court **GRANTS** Defendant's unopposed

4   motion to compel individual arbitration, strike Plaintiff's class allegations, and dismiss

5   Plaintiff's Complaint without prejudice. The Court **VACATES** the hearing date set for

6   July 15, 2016 at 1:30 p.m.

7          **IT IS SO ORDERED.**

8   Dated:  July 11, 2016

9                                                    Hon. Gonzalo P. Curiel
10                                                   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28